TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
William Meadows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| William Meadows,<br><br>       Plaintiff,<br><br>   vs.<br><br>Consumer Portfolio Services, Inc.,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, William Meadows (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Consumer Portfolio Services, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Albuquerque, New Mexico, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Irvine, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 505-XXX-1157 (hereafter "Number").

8. Within the past four years, Defendant placed calls to Plaintiff's Number in its efforts to service an auto loan on behalf of an original creditor.

9. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered Defendant's calls, he either hears a prerecorded message requesting a call back, or hears a significant period of silence before a live representative comes on the line.

11. On or about December 7, 2015, during a live conversation, Plaintiff requested that Defendant cease all calls to his Number.

12. Shortly thereafter, Plaintiff received a letter from Defendant dated December 7, 2015, wherein Defendant confirms Plaintiff's verbal cease and desist request and states, "The request will expire in thirty (30) days unless confirmed by you in writing."

13. Defendant statement regarding an expiration of Plaintiff's cease and desist request is a misstatement of the law governing the TCPA, which allows consumers to revoke consent by any reasonable means.

14. Despite Plaintiff unequivocal revocation of his consent, Defendant continued to call Plaintiff's Number using an ATDS and/or Robocalls in an excessive and harassing manner.

15. Since December of 2015, Plaintiff made multiple requests to Defendant to cease calling his Number and following each request, Defendant continued to call in an excessive and harassing manner.

16. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

19. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded voice requesting a return call, or a period of silence before being connected with a live representative.

4

COMPLAINT FOR DAMAGES

20. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

21. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

22. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

23. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

24. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

25. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Punitive damages; and

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 5, 2018            TRINETTE G. KENT

By:  */s/  Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, William Meadows

COMPLAINT FOR DAMAGES